W. E. BECKMANN BAKERS' & CONFECTIONERS' SUPPLY CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11477. Promulgated October 9, 1928.

*W. A. Allen, Esq.*, for the petitioner.
*A. S. Lisenby, Esq.*, for the respondent.

## OPINION.

SIEFKIN: The petitioner contends that it should have its taxes for the year 1918 computed under the special assessment provision of sections 327 and 328 of the Revenue Act of 1918. As reasons for this the petitioner contends that $62,595.57 of the working capital of the petitioner during the year 1918 was borrowed and contributed proportionately to the earning of the income and that the operating good will which was not included in invested capital had a value of $50,000, which also contributed materially to producing the income.

Section 326 (a) of the Revenue Act of 1918 provides:

That as used in this title the term "invested capital" for any year means (except as provided in subdivisions (b) and (c) of this section):

\*    \*    \*    \*    \*    \*    \*

(4) Intangible property bona fide paid in for stock or shares prior to March 3, 1917, in an amount not exceeding (a) the actual cash value of such property at the time paid in, (b) the par value of the stock or shares issued therefor, or (c) in the aggregate 25 per centum of the par value of the total stock or shares of the corporation outstanding on March 3, 1917, whichever is lowest.

It will be noted that only such intangible property as is paid in for stock, and that only to a limited extent, may be included in invested capital. The good will of the petitioner was not acquired for stock or shares and thus the statute itself precludes the allowance of this item in invested capital.

In *J. M. and M. S. Browning Co.*, 6 B. T. A. 914, we said:

It may also be stated, without extended discussion, that regardless of the value of the several contracts on January 2, 1915, the date they were acquired by the petitioner, it is not entitled to include that value or any part thereof in its invested capital for the year 1918. The contracts were paid in to the petitioner corporation by the Brownings without any consideration therefor

except the nominal consideration of one dollar, and under the decision of this Board in the *Appeal of Herald-Dispatch Co.*, 4 B. T. A. 1096, they may not be included in invested capital under section 326 (a) (3) of the Revenue Act of 1918. See also *Appeal of Shope Brick Co.*, 5 B. T. A. 1042.

It can not be said that merely by reason of statutory exclusion, any abnormality in this respect exists which would allow special assessment. See *Morris & Co.*, 1 B. T. A. 704, and *Clarence Whitman & Sons, Inc.*, 11 B. T. A. 1192.

Evidence was introduced to show that tangible assets to the extent of approximately $62,000, the title to which was still held by Beckmann, were left in the business and the petitioner contends that such borrowed capital created an abnormality which brings petitioner within the provisions of section 327 of the Revenue Act of 1918. However, the petitioner has not shown what the normal condition in this particular business is.

In *Higginbotham-Bailey-Logan Co.*, 8 B. T. A. 581, we stated:

Petitioner claims that it falls within section 327 of the Revenue Act of 1918 and is entitled to have its tax computed by a comparison with the tax paid by representative concerns, as provided in section 328. Its argument is based primarily upon the amount of borrowed money used. It appears that during the year its invested·capital was $2,656,613.61 and its average borrowed capital, $2,189,025.25; in other words, 40 per cent of its operating capital was borrowed. In many businesses this would not be regarded as unusual or abnormal and in the absence of any evidence that it is abnormal in the wholesale drygoods business there is nothing on which we may base an opinion as to normality or abnormality.

In *Denver Powerine Co.*, 7 B. T. A. 1186, we stated:

The above-quoted sections require that before special assessment is to be decreed there shall be proof of an abnormal condition affecting petitioner's capital or income. On the record before us, petitioner has failed to prove this fundamental fact.

Before we can find an abnormal condition in capital or income, we must know the facts with respect thereto. From the evidence we know little or nothing of the amount of invested capital, borrowed capital, gross sales, cost of goods sold, merchandise inventory, or income of petitioner. Nor do we have similar evidence as to what petitioner alleges to constitute a normal condition.

\*          \*          \*          \*          \*          \*          \*

Petitioner complains of the exclusion of good will from invested capital, but fails to prove either that the good will was paid in for stock or what amount, if any, was expended in its acquisition or accumulation. (See *Appeal of Watt & Shand, Inc.*, 2 B. T. A. 1273.)  \*  \*  \*

We must hold that the petitioner is not entitled to special assessment.

The respondent in his answer prays that the Board award the United States damages in the amount of $500 on account of the institution of a frivolous appeal for the purpose of delay. Such prayer

864

is herewith denied for the reason that the evidence does not show that this appeal was brought for such a purpose.

*Judgment will be entered for the respondent.*